UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

-----------------------------------------------------------------------------------------------------

| | |
|---|---|
| Kristina Kipling, | Fed. Case No. 1:21-cv-00609 |
| Plaintiff, | Tex. Case No. J1-CV-21-001436 (Tex. Justice Ct., Travis Cnty., Precinct No. 1) |
| v. | |
| TD Bank National Association, | |
| Defendant. | |

---

## NOTICE OF REMOVAL

---

To:   Clerk, U.S. District Clerk's Office, Suite 1100, 501 West Fifth Street, Austin, TX 78701.

Plaintiff Kristina Kipling and her attorney, Robert Zimmer, Suite 110-187, 1108 Lavaca Street, Austin, TX 78701 (zimmerlawTX@gmail.com).

Defendant TD Bank, N.A., hereby gives notice of its removal of this action on the following grounds:

1.     Plaintiff Kristina Kipling commenced this civil action in the Justice Court, Travis County, Texas. A copy of the citation and petition, being all the process, pleadings, and orders served in the state-court action, accompany this notice:

(a)    Justice Civil Citation (June 8, 2021)

(b)    Plaintiff's Original Petition (undated)

1

2.      The petition was the initial pleading setting forth the purported claims for relief upon which the state-court action is based.

3.      The case that the petition purportedly stated was and is removable.

4.      TD received the citation and petition by service upon an agent on June 17, 2021. It had not received the citation or petition in any other manner before June 17, 2021.

5.      TD is filing this notice within 30 days after receiving the citation and petition.

6.      This Court would have had original jurisdiction over the state-court action under 28 U.S.C. §§ 1331, 28 U.S.C. § 1337(a), and 15 U.S.C. § 1681p.

(a)      **Jurisdiction under 15 U.S.C. § 1681p.** The petition alleges that "TD Bank failed to report the debt's disputed status on Kipling's Equifax, TransUnion, and Experian credit reports as of June 2021" and purports to state a claim that TD violated Texas law "by representing to Experian, Equifax, and TransUnion that Plaintiff is willfully refusing to pay the alleged debt when the alleged debt is in dispute and Plaintiff had notified TD Bank of the dispute" and "by failing to conduct an investigation into Kipling's dispute and failing to provide her with written results of that investigation within 30 days as required by the statute." TD furnished information to

consumer reporting agencies about Ms. Kipling's credit-card account.

(1) **Complete preemption.** The Fair Credit Reporting Act provides that that "[n]o requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . ." 15 U.S.C. § 1681t(b)(1)(F). Under the "complete preemption" doctrine, original federal jurisdiction exists as to the claim for relief by means of credit reporting. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392–93 (1987). Section 1681t(b)(1)(F), which was enacted under the caption "preemption of state law,"[1] preempts state "laws" in any form, including "all sources of legal rules — statutes, regulations, judicial decisions, and administrative decisions." *Purcell v. Bank of Am.*, 659 F.3d 622, 624 (7th Cir. 2011); *accord Macpherson v. JPMorgan Chase Bank, N.A.*, 665 F.3d 45, 47 (2d Cir. 2011) (citing *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 521 (1992));

*Premium Mortg. Corp. v. Equifax, Inc.*, 583 F.3d 103, 106

(2d Cir. 2009); *Marshall v. Swift River Acad., LLC*, 327 F.

App'x 13, 15 (9th Cir. 2009).

(2)     **Exclusive federal remedy.** The Fair Credit Reporting Act

also provides that "[e]xcept as provided in sections 1681n and

1681o of this title [15 U.S.C. §§ 1681n–o], no consumer may

bring any action or proceeding in the nature of defamation,

invasion of privacy, or negligence with respect to the

reporting of information against . . . any person who furnishes

information to a consumer reporting agency, based on

information disclosed pursuant to section 1681g, 1681h, or

1681m of this title, . . . based in whole or in part on the

report except as to false information furnished with malice or

willful intent to injure such consumer." 15 U.S.C. § 1681h(e).

The complaint does not allege any "false information" or any

"malice or willful intent to injure." An action under 15 U.S.C.

§§ 1681n–o is therefore the exclusive remedy for Ms.

Kipling's claim.

---

[1]The caption "preemption of state law" appeared in the enacting statute but was not codified. *See* Omnibus Consolidated Appropriations Act, 1997, Pub. L. No. 104-208, § 2419, 110 Stat. 3009, 3009-452 to -453 (1996).

(b)    **Jurisdiction under 28 U.S.C. § 1337(a).** The Fair Credit Reporting

Act is an "Act of Congress regulating commerce," codified in United

States Code title 15, titled "Commerce and Trade," at chapter 41,

subchapter III.

7.     The state-court action is removable under 28 U.S.C. § 1441(a) &

§ 1446.

8.     The state-court action is not a nonremovable action under 28 U.S.C.

§ 1445.

9.     Promptly after filing this notice, TD will give written notice to Ms.

Kipling, and will file a copy with the Clerk of the state court.

Wherefore Defendant TD Bank, N.A., respectfully prays that the state court

proceed no further, and that any further proceedings in this action occur in the

United States District Court for the Western District of Texas.

July 9, 2021.

BARNES & THORNBURG LLP

/s/ Alicia Marcia Barrs

_____

Alicia Marcia Barrs, Tex. Bar No.
   24109620
Suite 700
2121 North Pearl Street
Dallas, TX 75201-2469
Ph. 214.258.4105
Fax 214.258.4199
Alicia.Barrs@btlaw.com

5

in association with

Brian Melendez, Minn. License No.
    0223633 (application for admission
    pro hac vice forthcoming)
BARNES & THORNBURG LLP
Suite 2800
225 South Sixth Street
Minneapolis, MN 55402-4662
Ph. 612.367.8734
Fax 612.333.6798
brian.melendez@btlaw.com

Attorneys for Defendant
    TD Bank, N.A.

## Certificate of Service

I certify that, on July 9, 2021, I served this paper on the other Party by electronic and postal mail at these addresses:

| Name | Postal Address | Email Address |
|---|---|---|
| Robert Zimmer | Suite 110-187<br>1108 Lavaca Street<br>Austin, TX 78701 | zimmerlawTX@gmail.com |

July 9, 2021.

BARNES & THORNBURG LLP

/s/ Alicia Marcia Barrs
_____

Alicia Marcia Barrs, Tex. Bar No.
  24109620
Suite 700
2121 North Pearl Street
Dallas, TX 75201-2469
Ph. 214.258.4105
Fax 214.258.4199
Alicia.Barrs@btlaw.com